# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re

Henry F. Fanter and Lynne E. Fanter,

        Debtors

Case No.   13-47023

Chapter 13

Hon. Judge Donald R Cassling

Henry F. Fanter and Lynne E. Fanter,

Plaintiff(s),

v.

Adv. Proc. No.

Andrew Boron, Director of Insurance, Illinois Department of Insurance,

Defendant.

**PLAINTIFF/DEBTOR HENRY FANTER'S ADVERSARY COMPLAINT AGAINST DEFENDANTS ANDREW BORON, DIRECTOR OF INSURANCE, AND THE ILLINOIS DEPARTMENT OF INSURANCE FOR AN ORDER ENJOINING DEFENDANTS FROM REVOKING HIS LICENSE TO ACT AS INSURANCE PRODUCER WITHIN THE STATE OF ILLINOIS AND FROM ASSESSING A CIVIL PENALTY AS PROVIDED IN THE DEPARTMENT OF INSURANCE ORDER OF REVOCATION DATED SEPTEMBER 26, 2014 AND FOR AN ORDER DECLARING SAID ORDER NULL AND VOID**

Plaintiff, the above-named chapter 13 debtor(s), alleges and requests as follows:

This is an adversary proceeding brought pursuant to FED. R. BANKR. P. 7001(7), (10) and Federal Rule of Civil Procedure 65
The Court has jurisdiction under the provisions of 28 U.S.C. §§ 1334(b) and 157(b) (1).

By virtue of 28 U.S.C. § 157(b)(2)(G), (O) this is a core proceeding.  See also FED. R. BANKR. P. 7008(a).

Under the particular facts and circumstances and applicable law, it is asserted that the Debtor/Plaintiff is entitled to a Temporary Restraining Order against Defendants Andrew Boron, Director of Insurance and the Illinois Department of Insurance prohibiting the enforcement of an order of September 26 , 2014 Revoking the Debtor Henry Fanter's license as insurance producer in the State of Illinois and imposing a civil penalty, pursuant to Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65, and for a finding on the merits that the action of Defendants Andrew Boron, Director of Insurance, and the Illinois Department of Insurance of September 26, 2014 revoking the license of the the the Debtor/Plaintiff  Henry Fanter and imposing against him a civil penalty was a violation of the Automatic Stay provision in 11 USCA Sec. 362 (a) 1 and that both the said revocation as well as the said civil penalty are therefore null and void.

## ADVERSARY COMPLAINT

1. Debtor/Plaintiff Henry Fanter (hereinafter Debtor/Plaintiff) is a licensed insurance producer or agent in the State of Illinois and resides in Bartlett, Illinois.

2. The Defendant is the Director of Insurance and the Illinois Department of Insurance, 320 West Washington Street, Springfield, Illinois who on September 26, 2014 entered an order revoking the said license of Debtor/Plaintiff and assessing a civil penalty against him in the amount of $6,000.00, said order to take effect 30 days from the date of the order, a copy of which is attached hereto as Exhibit A, and made a part hereof.

3. Debtor/Plaintiff  has been a licensed Illinois insurance producer since 1982 serving with distinguished service and having no complaints in his record and having earned the National Quality Life Insurance Award in 1995 as well as the Merchant Circle Award in 2011 and he was a Million Dollar Roundtable member.

4. On or about July 6, 2012 the Debtor/Plaintiff made an application for life insurance on his wife, also co-debtor, Lynn E. Fanter with a $1,000,000.00 death benefit. The type of policy was known as a fixed indexed universal life policy with American National Insurance Company (Hereinafter ANICO). The purpose of the policy was for a permanent estate planning death benefit with potential cash value for retirement. Debtor/Plaintiff Henry Fanter was a licensed contracted agent with the insurer, American National Life and he had a record of placing quality life insurance policies with American National Life.

5. The aforesaid life insurance policy was approved by ANICO underwriting and an automated bank withdrawal was made from the Debtor/Plaintiff's TCF Bank account as a part of the insurance premium on September 21, 2012 of $4,272.21 with an ANICO automatic commission deposit being made into that same account on September 27, 2012 of $3,417.77.

6. The Debtor/Plaintiff had on September 21, 2012 paid to ANICO $46,994.33 with Check No. 825 for the balance of the premium on annual premium mode.

7. On September 22, 2012 the Debtor/Plaintiff closely reviewed the policy and found it to have unsatisfactory policy terms, having high policy expenses and guaranteed costs, higher surrender charges comparable to competitive policies, and a lower participation rate than competitive policies. On this basis the Debtor/Plaintiff on September 23, 2012 decided to return the policy for a refund of the premium paid, and notified ANICO's agents Lisa Wolfgang and Chris Wann of the same, and Debtor/Plaintiff was advised by Wolfgang and Wann that they would immediately notify ANICO of the cancellation of the policy and that Debtor/Plaintiff should return the policy to ANICO with a letter of explanation to an address which they specified, which the Debtor/Plaintiff did. The Debtor/Plaintiff was also advised by ANICO agents Wolfgang and Wann on September 24, 2012 that an automatic draft of $46,994.33 was scheduled for that evening and could not be stopped and that he should stop the automatic withdrawal or the check to prevent a double payment.  On September 24, 2012 the Debtor/Plaintiff stopped the automatic withdrawal and also caused his bank, TCF, to issue a stop order on Check No. 825 since he was retuning the policy, which was returned to ANICO by regular mail on September 24, 2014. Said mailing was returned to Debtor/Plaintiff because ANICO's agents Wolfgang and Wann had given him the wrong address. Debtor/Plaintiff then re-sent the policy and letter of explanation to ANICO by priority certified mail on October 12, 2012, which ANICO received on October 15, 2012 as evidenced by a signed return receipt.

8. On October 5, 2012 because of the policy cancellation ANICO refunded by check the earlier premium paid by Debtor/Plaintiff of $4,272.21 due to the returned policy.

9. On October 11, 2012 ANICO automatically deposited a commission amount of $37,595.46 into the Debtor/Plaintiff's bank account despite the said policy having been cancelled. The Debtor/Plaintiff called ANICO's Agents Wolfgang and Wann when he became aware of the deposit on October 21, 2012, and they stated to Debtor/Plaintiff that they would advise ANICO.

10. On October 21, 2012 the Debtor/Plaintiff called and spoke to the ANICO commissions department and they advised the Debtor/Plaintiff that they would be treating the total amount of the $41,013.23 as an advance commission chargeback and that he could repay the commission  by means of writing new future life insurance policies. On December 1, 2012 ANICO decided to terminate its contract with the Debtor/Plaintiff, and refused to give credit to him for $2,000.00 in pending commissions, and kept other pending life insurance business without payment of commissions. On or about March 1, 2013 ANICO contracted a collection agency to collect the $41,013.23, all the while treating the amount as an agent chargeback commission. Between March 1, 2013 and December 3, 2013 the Debtor/Plaintiff attempted in earnest to work out a settlement of the said matter but was unable to do so due to his declining health because of prostate cancer which involved 24 prostate cancer surgeries during said period.

11. Due to the Debtor/Plaintiff's serious illness and the ANICO and other mounting debt, he filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on December 3, 2013. ANICO was listed by Debtor/Plaintiff in his Petition as an unsecured creditor with a reason for the debt as an agent chargeback. ANICO did not object to Debtor/Plaintiff's plan and filed a proof of claim in the amount of $41,013.23 on March 10, 2014. Never once during the time prior to the bankruptcy filing, or during the bankruptcy proceeding did ANICO and/or any of its agents ever mention any wrongdoing whatsoever connected to the amount owed on the part of the Debtor/Plaintiff to ANICO, or that it viewed the amount due as anything other than an agent chargeback. Creditor ANICO never filed any Adversary Proceeding in connection with this debt or in any way alleged the commission of fraud or other wrongdoing on the part of the Debtor/Plaintiff. See Claims Register P. 3, attached hereto as Exhibit B.

12. On September 26, 2014 Defendants Andrew Boron, Director of Insurance and the Illinois Department of Insurance entered an order of revocation of the license of the Debtor/Plaintiff to sell insurance in the State of Illinois and also assessed a civil penalty of

$6,000.00. See Order attached hereto as Exhibit A. Inexplicably, the facts set forth in the order make no mention of the Debtor/Plaintiff's Chapter 13 proceeding, of the Creditor ANICO's proof of claim in that proceeding or of the fact that Creditor ANICO is in fact included on the 60 month repayment program with 10-15% dividend and no objection was ever filed with the court. Equally important is the untrue factual allegation in said order that " The Licensee (Debtor/Plaintiff) has not repaid the unearned commission of $41,013.23 to the Company." ANICO has been paid a portion of that amount through Debtor/Plaintiff's payments thus far to the Trustee in accordance with his Chapter 13 plan.

13. On July 1, 2014 the Debtor's Chapter 13 plan was confirmed by Order of this Court and Debtor/Plaintiff is current in his payments to the Chapter 13 Trustee pursuant to the terms of that confirmed plan.

14. That although the Creditor ANICO did not object to the Debtor/Plaintiff's plan and filed a proof of claim in the Chapter 13 case, it also filed a complaint with the Illinois Department of Insurance and in so doing violated the Automatic Stay provisions of 11 U.S.C.A. Sec. 362 by attempting to collect from the Debtor/Plaintiff sums scheduled in this proceeding.

15. The Debtor/Plaintiff relies upon his ability to be a licensed insurance agent as the sole source of his income. A revocation of his license will therefore result in irreparable injury which will lead directly to a default under his Chapter 13 plan.

16. The Defendant Illinois Department of Insurance action in revoking the Debtor/Plaintiff's license was intended solely to protect the pecuniary interest of ANICO and those actions are not therefore subject to the effect of the Bankruptcy Code Sec. 362 (a) (1) stay.

WHEREFORE, for all of the foregoing reasons the Debtor/Plaintiff respectfully requests that this Honorable Court enter the following relief:

1. Under the particular facts and circumstances and applicable law, it is asserted that the plaintiff is entitled to a Temporary Restraining Order against Andrew Boron, Director of Insurance and the Illinois Department of Insurance prohibiting the enforcement of an order of September 26, 2014 Revoking the Debtor/Plaintiff Henry Fanter's license as insurance producer in the State of Illinois and imposing a civil penalty,  pursuant to Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65;

2.  And for a finding on the merits that the actions of Andrew Boron, Director of Insurance, and the Illinois Department of Insurance of September 26, 2014 revoking the license of the Debtor/Plaintiff Henry Fanter as well as the imposition against him of a civil penalty was a violation of the Automatic Stay provision in 11 USCA Sec. 362 (a) 1 and that both the said revocation as well as the said civil penalty are therefore null and void;

3.  For such other and further relief as this Court deems just and proper.

_____

Attorney for the Debtor/Plaintiff Henry Fanter

The Law Offices of Peter M. Tumminaro, Ltd
Peter M. Tumminaro, Attorney for the Debtor/Plaintiff
125 Bokelman Street, 1st Floor

Roselle, Illinois 60172

Tel.: 630-924-8551

Fax.: 630-582-7429

ILL. ARDC No. 6181476



# STATE OF ILLINOIS
## DEPARTMENT OF INSURANCE

IN THE MATTER OF THE
REVOCATION OF LICENSING
AUTHORITY OF:

Henry Fanter
1216 Dunamon Drive
Bartlett, IL 60103

### ORDER OF REVOCATION

    I, Andrew Boron, Director of Insurance, Illinois Department of Insurance, hereby revoke the license of Henry Fanter (Licensee) to take effect 30 days from the date of mailing of this Order pursuant to Section 5/500-70 of the Illinois Insurance Code. (215 ILCS 5/500-70)

    Based upon an investigation and review of the Licensee by the Producer Section of the Department of Insurance, the Director alleges that:

    On July 6, 2012 the Licensee submitted an application for life insurance on his wife. The initial premium in the amount of $4,272.21 on policy #U0636179 was processed on September 20, 2012 via electronic transfer from the Licensee's account. On September 24, 2012, the Licensee wrote personal check, #825 in the amount of $46,994.33, for the remainder of the premium payment.

    On September 27, 2012, a commission of $3,417.77 was deposited into the Licensee's account.

    On October 11, 2012, the Licensee received a commission of $37,595.46 via electronic deposit into his account. On this same date, American National Insurance Company (Company) was notified of a stop payment of check # 825 for $46,994.33.

    On October 17, 2012, the Licensee requested the policy be cancelled and on October 22, 2012, The Company issued a refund to the Licensee in the amount of $4,272.21 refunding the initial premium the Licensee paid on the policy.

EXHIBIT A

The Licensee has not repaid the unearned commission of $41,013.23 to the Company.

By the above actions, the Licensee has obtained commissions through fraudulent means thereby demonstrating incompetence, untrustworthiness and financial irresponsibility in the conduct of business in this State which are grounds for revocation and levying a civil penalty pursuant to Section 5/500-70(a)(8) of the Illinois Insurance Code (215 ILCS 5/500-70(a)(8)).

This Order of Revocation shall take effect 30 days from the date of mailing but shall be stayed if within the 30-day period a written request for hearing is filed with the Director.  Any correspondence concerning this Order of Revocation shall be addressed to the Department of Insurance, Producer Section, 320 West Washington Street, Springfield, Illinois 62767-0001.

The Licensee is hereby further notified that he is assessed a civil penalty of $6,000.00 by the Director of Insurance.  Said civil penalty shall be paid to the Director of Insurance within 30 days of the date of mailing but shall be stayed if within the 30 day period a written request for hearing is filed with the Director.

50 Ill. Adm. Code 2402 governs hearings before the Department of Insurance.  Section 5/408(5)(a) of the Illinois Insurance Code (215 ILCS 5/408) and 50 Ill. Adm. Code 2402.270(d) provide that the costs of a hearing may be assessed against the parties.

DEPARTMENT OF INSURANCE of the State of Illinois;

September 26, 2014

Date: _____

_____

Andrew Boron
Director of Insurance

|  | 37 | 03/25/2014 | Notice of Hearing and Objection to Claim(s) 6 of Illinois Mutual Life Insurance Company Filed by Joseph P Doyle on behalf of Henry F Fanter, Lynn E Fanter. Hearing scheduled for 4/25/2014 at 09:30 AM at Kane Courthouse, 100 S 3rd Street, Courtroom 240, Geneva, Illinois 60134. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order)(Doyle, Joseph) |
|---|---|---|---|
| Details | 6-2 | 04/08/2014 | Amended Claim #6 filed by Illinois Mutual Life Insurance, Amount claimed: $108639.44 (Poznak, James ) |

*Redact*

| Description: | ████████████████████ |
|---|---|
| Remarks: | *Redacted* |

---

| Creditor:          (21633205) American National Insurance Stuart Allan & Associates Inc 5447 E 5th Street Ste 110 Tuscon, AZ 85711 | Claim No: 7 Original Filed Date: 03/10/2014 Original Entered Date: 03/11/2014 | Status: Filed by: CR Entered by: Greg Beemster Modified: |
|---|---|---|

| Amount | claimed: | $41013.23 |  |
|---|---|---|---|

| History: |
|---|

| Details | 7-1 | 03/10/2014 | Claim #7 filed by American National Insurance, Amount claimed: $41013.23 (Beemster, Greg ) |
|---|---|---|---|

| Description: |  |
|---|---|
| Remarks: |  |

---

| Creditor:          (21633261) Gordon Marketing Stuart Allan & Associates Inc 5447 E 5th Street Ste 110 Tuscon, AZ 85711 | Claim No: 8 Original Filed Date: 03/10/2014 Original Entered Date: 03/11/2014 | Status: Filed by: CR Entered by: Greg Beemster Modified: |
|---|---|---|

| Amount | claimed: | $16659.20 |  |
|---|---|---|---|

| History: |
|---|

| Details | 8-1 | 03/10/2014 | Claim #8 filed by Gordon Marketing, Amount claimed: $16659.20 (Beemster, Greg ) |
|---|---|---|---|

| Description: |  |
|---|---|
| Remarks: |  |

---

| Creditor:          (21633271) Lincoln Benefit Life Stuart Allan & Associates Inc 5447 E 5th Street Ste 110 Tuscon, AZ 85711 | Claim No: 9 Original Filed Date: 03/10/2014 Original Entered Date: 03/11/2014 | Status: Filed by: CR Entered by: Greg Beemster Modified: |
|---|---|---|

| Amount | claimed: | $5002.09 |  |
|---|---|---|---|

| History: |
|---|

| Details | 9-1 | 03/10/2014 | Claim #9 filed by Lincoln Benefit Life, Amount claimed: $5002.09 (Beemster, Greg ) |
|---|---|---|---|

EXHIBIT B